IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HARRIET NICHOLSON, § | |
|     PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:25-CV-1726-E-BK |
| § | |
| NATIONSTAR MORTGAGE LLC, § | |
|     DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, *pro se* Plaintiff Harriet Nicholson's *Motion for Leave to File New Complaint and to Declare Prior Vexatious Litigant Order Void for Lack of Jurisdiction* was automatically referred to the United States magistrate judge for findings, conclusions and recommendation where appropriate. Doc. 3. Having been previously sanctioned, Nicholson seeks permission to file a new action. Upon review of the pleadings and applicable law, the motion for leave to file should be **DENIED**.

Nicholson has been declared a vexatious litigant and prohibited from proceeding with any civil action in the Northern District of Texas unless she obtains leave of court to proceed. *Nicholson v. Barrett Daffin Frappier Turner & Engle LLP*, No. 4:24-CV-00389-O, 2024 WL 3504556, at *1 (N.D. Tex., Fort Worth Div., July 22, 2024) (accepting magistrate judge's recommendation).

Nicholson now seeks to file a new civil action alleging "identify theft, mortgage-serving fraud, and unlawful debt collection practices." Doc. 3 at 1. She alleges that the Court lacked jurisdiction to sanction her in Case No. 4:24-CV-00389-O because the underlying case had been dismissed for lack of jurisdiction under the *Rooker-Feldman* and res judicata doctrines Doc. 3 at

1-4. Nicholson also asserts that the "proposed complaint (Exhibit A) alleges fresh violation that post-date the Fort Worth dismissal[.]" Doc. 3 at 4.

First, contrary to Nicholson's assertion, the Court can impose sanctions even when it lacks jurisdiction over the underlying action. *See Peterson v. Jones*, 857 F. App'x 179, 182 (5th Cir. Apr. 6, 2021) (per curiam) ("[T]he district court had jurisdiction to sanction [plaintiffs] despite the general absence of subject matter jurisdiction. Even after a court dismisses a case, it retains authority to sanction.").

Second, Nicholson was provided ample opportunity to litigate in the Fort Worth division before her case was dismissed and she was declared a vexatious litigant. Nicholson has also litigated extensively in federal district courts in Texas and New York, filing at least ten civil actions since 2013. *See* PACER Case Locator.[1] She has pursued at least five appeals in the U.S. Court of Appeals for the Second and Fifth Circuits. *Id.*; *see also Nicholson*, 2024 WL 3504556, at *1 (noting "Plaintiff's twenty-year litigation" in state and federal courts satisfies the threshold requirement that she has a history of submitting multiple claims).

Accordingly, Nicholson's motion for leave to file should be **DENIED** and this case should be **ADMINISTRATIVELY CLOSED** based on the sanction order in Case No. 4:24-CV-00389-O.

**SO RECOMMENDED** on July 9, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The PACER Case Locator is available at https://pcl.uscourts.gov/pcl/pages/welcome.jsf (last accessed on July 8, 2025).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).